# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America, | ) | Criminal. No.:  2:23-cr-612 |
| | ) | |
| vs. | ) | |
| | ) | |
| Chad Rabon, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SENTENCING MEMORANDUM

Chad Rabon was starting to get his life back on track. He was engaged to be married and had a good job as an auto mechanic. He then made the mistake of going online and getting sucked back into impulses he had worked to overcome. After he was arrested, his regret for the harm he caused his fiancé and family drove him to attempt suicide. He knew immediately that he would face a severe sentencing range and has always accepted responsibility for what he has done.

He now asks this Court to impose a 25-year sentence. Such a term will provide ample punishment and allow him time to receive the mental health treatment he desperately needs. Twenty-five years will provide for a 60-month sentence for Counts 2 and 3, which is 19 months greater than the top of the guidelines for those counts, with 240 months consecutive for Counts 5 and 6.

Twenty-five years in prison is adequate to provide just punishment for Mr. Rabon's conduct. Mr. Rabon did not communicate with a real child but an undercover officer and indicated that he was aware of the possibility that he was communicating with law enforcement.

Though he made statements regarding an actual in-person meeting, he did not act on any of those claims and was arrested at his work, not during any attempted encounter.

Mr. Rabon understands that he committed his offenses while on the sex offender registry. He knows that he will be punished more harshly because of his criminal history. The severity of consecutive ten-year sentences for Counts 5 and 6 are an adequately harsh punishment considering that they stem from the same course of conduct within a relatively short period of time. The consecutive sentences address both Mr. Rabon's conduct in this case and his criminal history.

Mr. Rabon is 34. He will be nearly 60 at the end of a 300-month sentence. While incarcerated, he will address the issues that brought him here. He will receive treatment to reduce the risk of recidivism and may be screened prior to release for civil commitment if he is found to be a sexually dangerous person under 18 U.S.C. §4248.

Defense counsel has spoken with the government and the government does not oppose a 300-month sentence.

Respectfully submitted,
*s/Charles W. Cochran*
Charles W. Cochran
Assistant Federal Public Defender
Charleston, South Carolina
(843) 727-4148

July 1, 2024